UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:26-cv-12309-RAO | Date: | November 2, 2026 |
| Title: | Pedro Juan Jimenez v. Blanche, et al. | | |

Present: The Honorable ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE

| | |
|---|---|
| C. Delgado | N/A |
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

1. Introduction

Petitioner, currently in immigration custody and represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on October 21, 2026. Dkt. No. 1 ("Pet."). Respondents filed an Answer on October 29, 2026. Dkt. No. 7 ("Ans."). Petitioner filed a Reply on November 2, 2026. Dkt. No. 8.

2. Factual Background

Petitioner, a noncitizen, has been detained at Adelanto ICE Processing Center since May 13, 2026. The government issued a Notice to Appear ("NTA") charging Petitioner as removable under the Immigration and Nationality Act as a noncitizen present in the country without admission or parole. The Form I-213 indicates that Petitioner has a criminal history, including two misdemeanor convictions.

At a master calendar hearing, Petitioner denied the allegations in the NTA along with the charge of removability. On July 31, 2026, Petitioner through counsel filed a motion to suppress asserting that his arrest violated his Fourth Amendment rights. The immigration court denied the motion.

On August 18, 2026, Petitioner appeared before an immigration judge for a bond hearing. At the conclusion of the hearing, the immigration judge denied bond

finding that Petitioner had not met his burden to establish that he is not a danger to the community or a flight risk.

3. Discussion

A writ of habeas corpus may be granted to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

The Petition alleges violations of (1) the Fourth Amendment; (2) Fifth Amendment due process related to involuntary statements made to immigration agents; (3) 8 C.F.R. §§ 287.5, 287.8, implementing regulations of the Immigration and Nationality Act; and (4) Fifth Amendment due process related to the immigration judge's denial of bond.

*a. Fourth Amendment Claim*

Regarding Petitioner's Fourth Amendment claim, the Court finds release from custody is not the appropriate remedy. As many courts have ruled, the remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody. *See, e.g., Hernandez v. Facility Administrator*, 2026 WL 2525600, at *2-3 (C.D. Cal. Aug. 26, 2026) (while petitioner's arrest appeared to violate Section 1357(a) and applicable regulations, the remedy is typically not dismissal of a proceeding and release by way of a habeas petition); *Suraj v. Bondi*, 2026 WL 507682, at *2 (W.D. Wash. Feb. 24, 2026) (same). Accordingly, the Court denies the Petition to the extent it seeks Petitioner's release based on any Fourth Amendment violation.

*b. Fifth Amendment Due Process – Involuntary Statements*

The Court is not certain how to construe Petitioner's claim regarding involuntary statements made to ICE agents who interrogated Petitioner during and after his arrest. Petitioner appears to be challenging the immigration judge's denial of his motion to suppress. However, the remedy for any error in connection with the denial of that suppression motion is through appeal to the Board of Immigration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:26-cv-12309-RAO | Date: | November 2, 2026 |
| Title: | Pedro Juan Jimenez v. Blanche, et al. | | |

Appeals. Further, the Court is not persuaded that the claim is cognizable under habeas law. In *I.N.S. v. Lopez-Mendoza*, the Supreme Court determined that the exclusionary rule should not be applied in civil deportation hearings. 468 U.S. 1032, 1050 (1984). While the Ninth Circuit has acknowledged exceptions to the *Lopez-Mendoza* in egregious cases, *see Gonzalez-Rivera v. I.N.S.*, 22 F.3d 1444, 1449 (9th Cir. 1994), Petitioner has not demonstrated that the circumstances here warrant departure from *Lopez-Mendoza*.

*c. Violation of 8 C.F.R. §§ 287.5, 287.8*

Petitioner's third claim rests on certain INA implementing regulations—8 C.F.R. § 287.5(1)'s prohibition on immigration agents questioning an individual without a warrant unless the person is believed to be an alien; 8 C.F.R. § 287.8(b)'s restriction on additional questioning of individuals unless there is reasonable suspicion that the person being questioned is illegally in the United States; and lastly, 8 C.F.R. § 287.8(c)(vii)'s bar on the use of threats, coercion, or physical abuse to induce a suspect to waive their rights or make a statement. The Petition alleges that immigration agents violated these regulations by detaining Petitioner before they had reason to believe he was an "alien," effectuating his seizure without reasonable suspicion, and subjecting him to coercion and abuse.

The Court need not resolve the factual allegations underpinning Petitioner's claim of regulatory violations because the remedy for any unlawful conduct associated with the original arrest is not release. "A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." *Papikyan v. Semaia*, 2026 WL 1455139, at *1 (C.D. Cal. May 22, 2026) (citation omitted). Here, release from custody is not the proper remedy. *See Lopez-Mendoza*, 468 U.S. at 1039-40 ("[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding").

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:26-cv-12309-RAO Date: November 2, 2026
Title: Pedro Juan Jimenez v. Blanche, et al.

*d. Fifth Amendment Due Process Related to the Immigration Judge's Denial of Bond*

In general, courts do not have jurisdiction to review discretionary bond decisions. *See* 8 U.S.C. § 1226(e); *Villa v. Mullin*, 834 F.Supp.3d 957, 961 (C.D. Cal. 2026). In the limited instances in which federal courts may entertain constitutional challenges to an immigration judge's detention determination, the habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024). "[A]buse of discretion" review does not involve reweighing the evidence but rather determining whether the immigration court "applied the correct legal standard." *Id.* at 785 (citing *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)).

At Petitioner's bond hearing, the immigration judge placed the burden of proof on Petitioner rather than the government. Under the present facts, the government should have the burden to prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk. *See Martinez*, 124 F.4th at 785.[1] Because the burden of proof was incorrectly placed on Petitioner, the Court finds this misapplication an abuse of discretion and a due process violation. *See, e.g., Aslan v. Semaia*, 2026 WL 172902, at *5 (C.D. Cal. Jun. 11, 2026) (collecting cases finding failure to apply correct legal standard constitutes abuse of discretion by the immigration judge). Because the bond ruling is infirm on its face, the Court concludes that the immigration judge abused his discretion in denying bond. *See Zhao v. Janecha*, 2026 WL 2666865, at *3 (C.D. Cal. Sept. 9, 2026) (noting that district courts review immigration judge's bond decision for abuse of discretion but finding discretion was abused where burden of proof was wrongly placed on petitioner and immigration judge's findings regarding dangerousness were opaque and conclusory).

[1] The Court is not persuaded by the government's citation to *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022), that petitioner has the burden of proof at the initial bond hearing. In *Rodriguez Diaz*, the hearing in dispute was petitioner's second bond hearing, not his initial one. 53 F.4th at 1195.

Respondents argue that this claim should be rejected on exhaustion grounds. The Court declines to do so because the abuse of discretion is apparent from the face of the bond ruling. Requiring Petitioner to pursue his administrative appeal would result in his prolonged detention in the interim and cause irreparable harm. Sufficient grounds for waiver of exhaustion are presented here. *See, e.g., Gorelova v. Warden of Facility Administrator Oadelanto Detention Facility*, 2026 WL 3122459, at *3 (C.D. Cal. Oct. 19, 2026).

"Federal courts have a fair amount of flexibility in fashioning specific habeas relief." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). "Upon determining that an [immigration judge] provided a petitioner with a legally or constitutionally inadequate bond hearing, district courts have either ordered petitioner's immediate release or ordered that Respondents provide petitioner with a new constitutionally adequate bond hearing." *Perez Velazquez v. Bondi*, 2026 WL 1042479, at *7 (S.D. Cal. 2026) (citations omitted) (cleaned up). Here, the Court orders that Respondents provide Petitioner with a new bond hearing. The Court has considered, but rejected release. The Petition provides little to no background information regarding Petitioner's length of time in the United States, his family or work ties to the community, or community connections. Additionally, as noted on the Form I-213, Petitioner has a criminal history, including convictions. Under these circumstances, a new bond hearing is the appropriate remedy.

4. <u>Conclusion</u>

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART the Petition.[2] It is hereby ORDERED that within 10 days of this Order, Respondents shall provide Petitioner with a new bond hearing at which Respondents shall have the burden of establishing that Petitioner is a danger to the community or a risk of flight. Petitioner and his attorney shall be given at least two days' notice of the scheduled bond hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 2:26-cv-12309-RAO | Date: | November 2, 2026 |
| Title: | Pedro Juan Jimenez v. Blanche, et al. | | |

It is further ORDERED that Respondents shall file a notice of compliance within 14 days of this Order, indicating that the bond hearing ordered by the Court has occurred and informing the Court of the outcome.

**IT IS SO ORDERED.**